| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| Travis Widner,<br><br>    Plaintiff,<br><br>vs.<br><br>Roseville Properties and<br>Petco Animal Supply Stores Inc.,<br><br>    Defendants. | Court File No.:<br>Judge Assigned:<br><br>**DEFENDANT ROSEVILLE PROPERTIES' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Roseville Properties, for its Answer to Plaintiff's Complaint, states as follows:

1. Denies each and every paragraph, statement, and allegation in Plaintiff's Complaint unless otherwise admitted in this Answer.

## INTRODUCTION

2. With respect to paragraphs 1 through 12, Defendant Roseville Properties states that Plaintiff's "Introduction" constitutes a summary of his claims, his theory of the case, and contains legal conclusions to which no response is required. Much of these paragraphs contain broad sweeping paragraphs as to Plaintiff's general belief regarding how persons with disabilities are treated in society and, as such, requires no response from Defendant Roseville Properties. To the extent that a response is required, denies the same.

## JURISDICTION AND VENUE

3. With respect to paragraphs 13 through 14, Defendant Roseville Properties states that Plaintiff's claims arise under Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12181-12189. As such, proper jurisdiction for Plaintiff's claims is in Federal Court.

To the extent these paragraphs state anything to the contrary, Defendant Roseville Properties denies the same.

## PARTIES

4.     Defendant Roseville Properties is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraphs 15 through 17 and, therefore, denies the same and puts Plaintiff to his strict burden of proof thereto.

5.     Paragraph 18 contains legal conclusions and generalized speculative assertions to which no response is required. Defendant Roseville Properties is also without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18. Much of this paragraph contains broad sweeping paragraphs as to Plaintiff's general belief regarding how persons with disabilities are treated in society and, as such, requires no response from Defendant Roseville Properties. To the extent that a response is required, denies the same.

6.     With respect to paragraph 19, Defendant Roseville Properties specifically denies "Roseville Properties and Petco Animal Supply Stores Inc." owns and/or operates and/or is the lessee of the real property upon which Petco is located.

## ARCHITECTURAL BARRIERS

7.     With respect to paragraph 20, Defendant Roseville Properties denies the allegations contained therein, specifically that any unlawful barriers exist that hindered or otherwise precluded Plaintiff from patronizing the facility. Defendant Roseville Properties is also without sufficient information or knowledge to form a belief as to the truth of the allegation that Plaintiff patronized Petco and, therefore, denies the same and puts Plaintiff to his strict burden of proof thereto.

## POLICIES, PROCEDURES, AND PRACTICES

8. With respect to paragraph 21, Defendant Roseville Properties states that the allegations contained therein constitute legal conclusions to which no substantive response is required. To the extent that a response is required, denies the same.

9. With respect to paragraphs 22 through 24, and 33 through 35, Defendant Roseville Properties specifically denies and puts Plaintiff to his strict burden of proof thereto.

10. Defendant Roseville Properties is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the same. To the extent paragraph 25 alleges "Plaintiff requires an inspection" in order to "fully identify all of the discriminatory conditions at the facility," specifically denies.

11. With respect to paragraphs 26 through 27, Defendant Roseville Properties specifically denies as it relates to the cost and achievability of the remedies and puts Plaintiff to his strict burden of proof thereto.

12. Defendant Roseville Properties is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraphs 28 through 32 and, therefore, denies the same.

## FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT, 42 U.S.C. §§ 12101

13. Paragraph 36 contains no new allegations such that no response is required. To the extent that a response is required, denies the same.

### Denial of Full and Equal Enjoyment and Use

14. Paragraphs 37 through 40, contain legal conclusions to which no substantive response is required. To the extent a response is required, denies the same.

**Failure to Remove Architectural Barriers in an Existing Facility**

15. Paragraphs 41 through 42 contain legal conclusions to which no substantive response is required. To the extent that a response is required, denies the same.

16. With respect to paragraphs 43 through 46, Defendant Roseville Properties acknowledges that Plaintiff alleges that the removal of the alleged barriers is readily achievable, but further denies Plaintiff's underlying allegations and puts Plaintiff to his strict burden of proof thereto.

**Inadequate Policies, Procedures, and Practices**

17. Paragraph 47 contains legal conclusions to which no substantive response is required. To the extent a response is required, admits that ADA Title III entities have ongoing duties.

18. With respect to paragraphs 48 through 53, Defendant Roseville Properties specifically denies and puts Plaintiff to his strict burden of proof thereto.

**Nominal Monetary Award**

19. With respect to paragraph 54, Defendant Roseville Properties acknowledges that Plaintiff alleges he is entitled to a nominal monetary award, but further denies Plaintiff's underlying allegation and puts Plaintiff to his strict burden of proof thereto.

**Attorneys' Fees and Costs**

20. With respect to paragraph 55, Defendant Roseville Properties specifically denies and puts Plaintiff to his strict burden of proof thereto.

**SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT**

21. Paragraphs 56 through 57 contain legal conclusions to which no substantive response is required. To the extent that a response is required, denies the same.

22. With respect to paragraph 58, Defendant Roseville Properties specifically denies and puts Plaintiff to his strict burden of proof thereto.

23. The "WHEREFORE" portion of Plaintiff's Complaint contains no new allegations such that no response is required. To the extent that a response is require, Defendant Roseville Properties denies that Plaintiff is entitled to any of the relief pleaded and, therefore, denies the same.

## **AFFIRMATIVE DEFENSES**

In further response to Plaintiff's Complaint, Defendant Roseville Properties affirmatively alleges the following defenses:

24. Alleges affirmatively that Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

25. Alleges affirmatively that this Court lacks subject-matter jurisdiction over this matter because Plaintiff cannot establish standing to seek relief under the Americans with Disabilities Act ("ADA") because Plaintiff has not suffered an injury in fact.

26. Alleges affirmatively that Plaintiff has not suffered any actual damages or injury.

27. Alleges affirmatively that to the extent Plaintiff actually visited the facility as alleged in the Complaint, he did so with the primary, if not sole, objective of creating the basis for a claim under the ADA and, accordingly, his claims are barred by the doctrine of unclean hands.

28. Alleges affirmatively upon information and belief that Plaintiff has not properly served this case.

29. Alleges affirmatively that any injury or damages to Plaintiff were not proximately caused by the actions of Defendant Roseville Properties.

30. Alleges affirmatively that Plaintiff's claims are barred in whole or in part by the relevant statutes of limitations or other rules limiting Plaintiff's claims.

31. Alleges affirmatively that Plaintiff has failed to mitigate his damages or, in the alternative, that he has no damages to mitigate and cannot bring the above claims.

32. Alleges affirmatively that Plaintiff failed to provide Defendant Roseville Properties with notice that there may be an existing ADA violation prior to commencing litigation.

33. Alleges affirmatively that Plaintiff failed to comply with 42 U.S.C § 12188(a)(1), which requires Plaintiff to have actual notice that Defendant Roseville Properties did not intend to comply with the applicable provisions of the ADA alleged to have been violated in the Complaint.

34. Alleges affirmatively that Plaintiff's claims are barred because to the extent necessary, which Defendant Roseville Properties does not admit, Defendant Roseville Properties is willing to make reasonable modifications to its policies, procedures, and practices to accommodate Plaintiff's alleged disability, but Plaintiff never asked or sought assistance from Defendant Roseville Properties.

35. Alleges affirmatively that Plaintiff's claims are barred because, to the extent that any particular architectural element of the facility departs from accessibility guidelines under the ADA, which Defendant Roseville Properties does not admit, Defendant Roseville Properties has provided and will continue to provide substantially equivalent or greater access to the facility for the benefit of individuals with disabilities.

36. Alleges affirmatively that Plaintiff's claims are barred because the alleged violations are *de minimis* and non-actionable as they do not materially impair Plaintiff's access or use of the facility for an intended purpose.

37. Alleges affirmatively that Plaintiff's claims are barred because the remedies that he seeks are not readily achievable or easily accomplishable and able to be carried out without undue difficulty or expense.

38. Alleges affirmatively that Plaintiff has failed to exhaust his administrative remedies.

39. Alleges affirmatively that Plaintiff has failed to satisfy the requirements necessary to bring the claims alleged.

40. Alleges affirmatively that Defendant Roseville Properties had a good faith basis for its actions and/or inactions.

41. Alleges affirmatively that Defendant Roseville Properties is not required to provide a reasonable accommodation that would create an undue hardship.

42. Alleges affirmatively that a shifting of attorneys' fees is not appropriate under the facts and circumstances of this case.

43. Alleges affirmatively that Defendant Roseville Properties has not engaged in any discriminatory conduct or practice.

44. Alleges affirmatively that Defendant Roseville Properties has made a good-faith effort to comply with the ADA.

45. Alleges affirmatively that Defendant Roseville Properties hereby reserves its right to amend this Answer and affirmative defenses to add additional affirmative defenses as the case and facts are subsequently discovered and identified.

46.  Defendant Roseville Properties incorporates herein by reference all of the affirmative defenses listed or contemplated by Rules 8.03 and 12.02 of the Minnesota Rules of Civil Procedure as if fully set forth in this Answer.

WHEREFORE, Defendant Roseville Properties respectfully requests this Court enter an order dismissing Plaintiff's Complaint with prejudice and awarding Defendant Roseville Properties its costs and attorneys' fees associated with this action to the extent allowed by law.

Dated: January 4, 2023

**ERSTAD & RIEMER, P.A.**

By: /s/ Samantha R. Alsadi
James R. Andreen, #174373
Samantha R. Alsadi, #0399482
7301 Ohms Lane, Suite 400
Minneapolis, MN 55439
Direct Phone/Facsimile: 952-837-3249
Direct Phone/Facsimile: 952-837-3258
E-Mail: jandreen@erstad.com
E-Mail: salsadi@erstad.com

*Attorneys for Defendant Roseville Properties*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties pursuant to M.S. § 549.211.

/s/ Samantha R. Alsadi
Samantha R. Alsadi, #0399482

RE:     Travis Widner vs. Roseville Properties and Petco Animal Supply Stores Inc.

STATE OF MINNESOTA )
                                    )SS.                                            **AFFIDAVIT OF SERVICE**
COUNTY OF HENNEPIN)                                                **VIA E-MAIL AND U.S. MAIL**

Shawnette Morrison, an employee of Erstad & Riemer, P.A., being duly sworn, says that on the 5th day of January, 2023, she served the annexed **Defendant Roseville Properties' Answer to Plaintiff's Complaint** on the below-listed parties by e-mailing copies thereof directed to them, and by mailing copies thereof directed to them, enclosed in envelopes, postage prepaid, and by depositing same in the post office at Edina, Minnesota, directed to:

E-Mail: jason@throndsetlaw.com
E-Mail: pat@throndsetlaw.com
E-Mail: chad@throndsetlaw.com
Jason D. Gustafson
Patrick W. Michenfelder
Chad A. Throndset
Throndset Michenfelder, LLC
One Central Avenue West, Suite 101
St. Michael, MN 55376

I declare under penalty of perjury that everything I have stated in this document is true and correct.

/s/ Shawnette Morrison
Shawnette Morrison